## STONE v NATIONAL CITY BANK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15162. Decided March 30, 1936

Paul Howland, Cleveland, for plaintiff in error.

Holiday Grossman & McAfee, Cleveland, for defendants in error.

## OPINION

By LIEGHLEY, PJ.

Counsel concede that the bill of exceptions in this review is substantially the same as in the former review. Although there are some slight differences it may be assumed that on the material matters the record is substantially the same.

The record warrants a statement of the following activities on the part of the defendant and his co-maker Glauber. Glauber in May, 1927, went to the bank to procure a loan of Nine or Ten Thousand Dollars with which to meet an interest payment on a mortgage held by an insurance company. Mr. Shulters, the president of the Bank refused the loan. Glauber thereupon went to the office of his attorney Edgar Hahn, who was also an attorney for the bank. After a conference Hahn telephoned the defendant to call at his office. When he arrived Hahn importuned him to sign a note with Glauber to procure these funds from the bank, as the bank had demanded security on the note. The defendant requested time for consideration until the next day when he appeared and executed the note with Glauber.

The defendant now claims that attorney Hahn made certain false and deceiving representations but for which he would not have signed. He claims his signature was procured by fraud.

While the defendant testifies that Hahn then told him that he was attorney for the bank, the circumstances and proof disclosed in the record is convincing that Hahn was working for Glauber in making whatever representations he did make to persuade Stone to sign the note with his brother-in-law Glauber.

No direct evidence was adduced to establish that attorney Hahn was authorized by the bank to make any representations. Glauber went directly from the bank to this law office and there is no proof that Hahn at any time during these negotiations to get the signature of the defendant on the note contacted anyone in the bank.

Hahn had been attorney for the bank and the attorney for Glauber and the attorney for the defendant for many years. When the case was here before it was the opinion of this court, as then constituted, on that record, that the intimate relationship of the parties, the circumstances developed by the proof and under which the signature was procured, and the entire negotiations carried on to that end, presented a scintilla that required the submission of the case to the jury.

The first case was decided by this court in May 1933. The scintilla rule then prevailed In February 1934 the case of **Hamden Lodge v Ohio Fuel Gas Company, 127 Oh St 467,** was decided and the so-called scintilla rule abolished.

If there is any evidence in this case that attorney Hahn, at the time he talked with the defendant Stone attempting to persuade him to assist Glauber financially by the use of his name, was then doing what he did do for and in behalf of and at the instance of the bank, or if there is any evidence in this record to show that attorney Hahn was then and there authorized by the bank to make any fraudulent representations, if any were made,—that evidence is so extremely slight that the writer hereof is impelled to say that it does not warrant a submission of the case to the jury, as reasonably prudent and disinterested men could not differ on the controlling and conclusive facts established by the proof.

The note involved in this lawsuit is dated May 6th, 1927, payable on demand. It is conceded that Glauber was primarily liable and defendant Stone secondarily liable as an accommodation maker. Interest was paid on the note to July 21, 1929. Glauber died in June 1929.

During the year 1931 certain negotiations were engaged in and letters exchanged between attorney Benesch for the defendant and attorney McAfee for the bank. This activity and correspondence had for its object the filing of a claim by defendant with the estate of Glauber upon his contingent liability on this note as co-maker. This claim was supported by an affidavit of defendant dated May 6th, 1931. This affidavit and the letters are exhibits in the bill of exceptions. Defendant sought a distributive share on the note to minimize his secondary liability.

It is significant that throughout these negotiations evidenced by the correspondence and the affidavit there is no hint of any claim of fraud inducing the execution of this note, nor does there appear any claim of fraud until some time thereafter. If this correspondence and affidavit are significant in any particular, they import an assumption of contingent liability and a very strong inference naturally and reasonably arises from this situation. There was no word about repudiation or non-liability during this period. The exhibits seem to assume and concede liability coupled with a proper effort to reduce the amount to the lowest figure attainable. The defendant wanted the estate to pay and he would make up the deficiency, if any should result. His activities in the year 1931 nullified his present claim.

For the foregoing reasons given in explanation of the decision in this case, the judgment is affirmed with exceptions noted.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents on the ground that the law of the case was established by the former review.